Jason CARSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0310–CR–494.

Court of Appeals of Indiana.

Aug. 20, 2004.

Mark Small, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

Jason Carson petitions for rehearing on *Carson v. State*, No. 49A04–0310–CR–00494, 811 N.E.2d 498 (Ind. Ct. App. June 11, 2004) (unpublished memorandum opinion). In that opinion, we affirmed Carson's conviction for Battery as a Class C felony, holding that the State presented sufficient evidence to disprove Carson's claim that he was acting in self-defense; Carson's sentence was not at issue. Now Carson asks this Court to find—pursuant to the recently-decided *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)—that his sentence violates his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury.[1] Given that Carson did not challenge his

---

1. In *Blakely*, Justice O'Connor writes, "[A]ll criminal sentences imposed under the federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack." *Blakely,* — U.S. at ——, 124 S.Ct. at 2549 (O'Connor, J., dissenting). Carson's sentence was imposed in September 2003. Nonetheless, given today's decision, we need not reach the question of *Blakely's* retroactivity.

sentence on direct appeal, he has technically waived review of this issue, and the appropriate procedure would have been to challenge his sentence through post-conviction relief. *See* Ind. Post–Conviction Rule 1(a)(1). Waiver notwithstanding, after considering the merits of Carson's challenge, we find that *Blakely* has no effect on his enhanced sentence.

The *Blakely* court applied the rule set forth in *Apprendi v. New Jersey*— "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—and found the sentencing scheme at issue did not pass constitutional muster. *Blakely*, — U.S. at —, —, 124 S.Ct. at 2536, 2543; *Apprendi*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, — U.S. at —, 124 S.Ct. at 2537. Indiana courts have not yet considered what effect, if any, the *Blakely* opinion may have on Indiana's sentencing scheme.

Carson urges us to find that his enhanced sentence is improper because the trial court "made factual findings and entered an enhanced sentence upon those findings" without requiring that a jury make those findings beyond a reasonable doubt. Appellant's Pet. for Reh'g p. 1. Those factual findings—or aggravating circumstances—consisted of the following: a history of criminal and delinquent activity, which includes multiple convictions; a

need for corrective or rehabilitative treatment that can best be provided by incarceration in a penal institution or in a work release facility;[2] and the strong likelihood that, based upon his criminal history, he will commit battery again. As to the first aggravator, the multiple convictions that the extensive criminal history comprises have already been proven beyond a reasonable doubt and are thus exempt from the *Apprendi* rule as clarified by *Blakely*. *See Blakely*, — U.S. at —, 124 S.Ct. at 2536. The other two aggravating circumstances are simply derivative of that extensive history of convictions and thus would seem also not to implicate the *Blakely* analysis. In any event, a single aggravating circumstance is adequate to justify a sentence enhancement. *Powell v. State*, 769 N.E.2d 1128, 1135 (Ind.2002). Therefore, even if our supreme court were to find that Indiana's sentencing scheme runs afoul of the Sixth Amendment for the reasons articulated in *Blakely*, this finding would have no effect on Carson's sentence.

Petition for rehearing denied.

SULLIVAN, J., and MAY, J., concur.

---

2. At sentencing, the trial court judge stated, "[H]e's been on Probation six times before. Four of those times, we haven't been able to rehabilitate his behavior-so I don't think Probation is going to assist in doing that in the future. So, the Court believes that the following punishment I have structured will hopefully serve as an appropriate punishment for his actions and rehabilitate his behavior." Tr. p. 321.