**Damorrow BLEDSOE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0311–CR–586.

Court of Appeals of Indiana.

Sept. 28, 2004.

Katherine A. Cornelius, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAKER, Judge.

Damorrow Bledsoe petitions for rehearing with regard to our unpublished memorandum decision in *Bledsoe v. State*, No. 49A05–0311–CR–586, 812 N.E.2d 872 (Ind. Ct.App. June 29, 2004). In our original opinion, we determined that Bledsoe failed to show that the trial judge had been biased or prejudiced against him. Thus, we rejected Bledsoe's argument that he was denied the right to a fair trial on this basis. Slip op. p. 4. We now grant rehearing for the limited purpose of addressing Bledsoe's arguments regarding sentencing errors that were purportedly triggered by the recent decision of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

At this juncture, Bledsoe asks this court to find—pursuant to *Blakely*—that his sentence violated his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury. As we recently observed in *Carson v. State*, 813 N.E.2d 1187 (Ind.Ct.App. 2004), where this same issue was raised for the first time on rehearing: "[g]iven that Carson did not challenge his sentence on direct appeal, he has technically waived review of this issue, and the appropriate procedure would have been to challenge his sentence through post-conviction relief." 813 N.E.2d at 1188–89. The same result attaches here, inasmuch as Bledsoe did not raise this alleged sentencing error on direct appeal.

Waiver notwithstanding, after considering the merits of Bledsoe's argument, we note that *Blakely* has no effect on the enhanced sentence that the trial court imposed. To be sure, the *Blakely* court applied the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—"other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—and found the sentencing scheme at issue did not pass constitutional muster. *Blakely*, —— U.S. at ——, ——, 124 S.Ct. at 2536, 2543. It was also recognized in *Blakely* that "the relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, —— U.S. at ——, 124 S.Ct. at 2537.

In this instance, Bledsoe acknowledges that the trial court sentenced him to twelve years—two years beyond the presumptive—for committing the offense of burglary as a class B felony.[1] Appellant's Br. on Rehearing p. 7. In so doing, the trial court relied upon Bledsoe's prior criminal history, noted that his rehabilitation could only occur in a penal institution, that he was on probation at the time of the offense, and that the trial court believed that Bledsoe would continue to engage in criminal activities. Tr. p. 105. As we have established in *Carson*, prior convictions shown by a defendant's criminal history are exempt from the *Apprendi* rule as clarified by *Blakely*. *Carson*, 813 N.E.2d at 1189. Also, just as we observed with respect to the circumstances in *Carson*, the remaining aggravating circumstances in Bledsoe's case merely derive from his criminal history. Thus, the *Blakely* analysis is not implicated. Finally, there is no indication that Bledsoe objected to the contents of the pre-sentence investigation report.

In any event, it has been determined that a single aggravating circumstance will justify a sentence enhancement. *Powell v. State*, 769 N.E.2d 1128, 1135 (Ind.2002). That said, even if our supreme court were to find that Indiana's sentencing scheme runs afoul of the Sixth Amendment for the reasons that were articulated in *Blakely*, such a determination would have no effect on Bledsoe's sentence. Accordingly, we grant Bledsoe's petition for rehearing, but deny his requested relief. Thus, our original opinion stands in all respects.

FRIEDLANDER, J., and BAILEY, J., concur.

---

1. The trial court added fifteen years to this count after it was determined that Bledsoe was a habitual offender. Thus, an aggregate sentence of twenty-seven years was imposed.