**Teresa TEETERS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 69A01–0312–CR–487.**

Court of Appeals of Indiana.

Nov. 9, 2004.

Transfer Denied Dec. 20, 2004.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Teresa Teeters appeals her conviction for battery while armed with a deadly weapon. She contends that the evidence is insufficient to support her conviction and that her sentence is inappropriate. Because the evidence in support of her conviction is sufficient and the sentence is appropriate and not in violation of the United States Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* we affirm.

### Facts and Procedural History

Teeters and her boyfriend Troy Hall had a volatile relationship. One evening in February 2003, the two were drinking and began to argue. In the middle of the argument, Hall pulled Teeters' hair, and then Teeters stabbed an intoxicated Hall in the thigh with a butcher knife. Teeters initially reported that she grabbed the knife to intimidate Hall and meant to stab

the couch but ended up stabbing Hall instead. Hall was transported from the scene by Teeters' mother and eventually sought medical attention at a local emergency room.

The State charged Teeters with Battery While Armed With a Deadly Weapon, a Class C felony.[1] Teeters testified at trial that she stabbed Hall in an attempt to stop him from pulling her hair. Essentially, Teeters admitted to stabbing Hall but asserted that the stabbing was not done in a rude, angry, or insolent manner, as would be required to convict her of battery. The jury found Teeters guilty as charged, and the trial court sentenced Teeters to eight years at the Department of Correction with three years suspended. She now appeals.

## Discussion and Decision

Teeters makes two arguments on appeal: that the evidence is insufficient to support her conviction and that her sentence is improper. We address each argument in turn.

### I. Sufficiency of the Evidence

First, Teeters claims that the evidence is insufficient to support her conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the verdict and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* We will uphold the conviction if there is substantial evidence of probative value to support it. *Id.*

Teeters contests only one element of battery—that she did not touch Hall in a rude, insolent, or angry manner when she stabbed him. *See* Ind.Code § 35–42–2–1. The evidence produced at trial shows Teeters' argument to be without merit. Detective Kip Main of the Indiana State Police, who investigated the stabbing, testified that Teeters informed him that she became angry during the course of an argument with Hall, brandished a knife in an effort to intimidate him, and intended to stab the couch but accidentally stabbed Hall instead. Hall testified that both he and Teeters were angry in the moments preceding the stabbing. The only testimony that Teeters did not stab Hall in such a manner came from Teeters herself when she testified conclusively that she did not stab Hall in a rude, insolent, or angry manner. Based on all of this evidence in the record, a reasonable finder of fact could have concluded that Teeters touched Hall in a rude, insolent, or angry manner. Because this is the only element of battery that Teeters contests, we find the evidence is sufficient to support her conviction.

### II. Improper Sentence

Teeters next contends that her sentence is inappropriate and was improperly enhanced. She relies on the United States Supreme Court's recent *Blakely* decision and argues that her Sixth Amendment right to have the facts supporting the enhancement of her sentence tried to a jury was violated.[2] *Blakely* applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120

---

1. Ind.Code § 35–42–2–1(a)(3).

2. Teeters also asserted that the enhancement of her sentence violated the Indiana Constitution's Article I, § 19 "right to have a jury determine the law and the facts." Appellant's Am. Br. at 1. Teeters made no separate argument based on the Indiana Constitution other than to say that the Indiana Constitution cannot be more restrictive than the United States Constitution. Thus, she has waived her state constitutional claim. *Klein v. State*, 698 N.E.2d 296, 299 (Ind.1998).

S.Ct. 2348, 147 L.Ed.2d 435 (2000), to a state sentencing scheme and found that it was unconstitutional. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* —— U.S. at ——–——, 124 S.Ct. at 2536–38 (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348). The key to *Blakely* is whether the case involves "a sentence greater than what state law authorized on the basis of the verdict alone." *Id.* at 2538. According to the *Blakely* court, "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537.

▉▉▉ In this case, the crime for which Teeters was sentenced was a Class C felony. A Class C felony carries a presumptive sentence of four years, to which up to four years can be added if aggravating circumstances are present. Ind.Code § 35–50–2–6. Teeters was sentenced to eight years with three years suspended. The aggravating circumstances found by the judge were: (1) Teeters' criminal history; (2) Teeters was on probation at the time of the offense; (3) Teeters is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility;[3] and (4) Teeters committed the offense in the presence or within hearing of a person who is less than

eighteen years of age who was not the victim of the offense. As to the first aggravator, the trial court noted that Teeters had five prior criminal convictions. These convictions have already been proven beyond a reasonable doubt and are thus exempt from the *Apprendi* rule as explained in *Blakely. See Blakely,* —— U.S. at ——, 124 S.Ct. at 2536. The third aggravator is derivative of the criminal history aggravator and would seem not to implicate *Blakely. See Carson v. State,* 813 N.E.2d 1187, 1189 (Ind.Ct.App.2004), *trans. not sought.*

▉▉▉ The fourth aggravator—that Teeters committed the offense within the presence or hearing of a person who is less than eighteen years old who was not a victim of the offense—was admitted by Teeters. Teeters stated that "what I seen [sic] when this happened was my [fifteen year old[4]] daughter's back going up my stairwell." Tr. at 286. A fact that is admitted by the defendant does not run afoul of the *Blakely/Apprendi* constitutional requirements. *See Blakely,* —— U.S. at ——, 124 S.Ct. at 2537. Thus, the only problematic aggravator—problematic only in the sense that it was neither proven beyond a reasonable doubt nor admitted by the defendant—is that Teeters was on probation at the time of the offense. Ultimately we do not need to resolve this because a single aggravating circumstance is adequate to justify a sentence enhancement. *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002), *reh'g denied.* In the end, even if our supreme court did find that

---

**3.** The judge explained, "Primarily it is your past. You have not demonstrated the ability to stick with it and that's why you have received the sentence you have received." Tr. p. 391.

**4.** The record shows that Teeters' daughter, J.N.B., testified to her birthdate at trial and based on her date of birth, J.N.B. would have been fifteen on the day of the stabbing and

sixteen at the time of trial. Under these facts and because Teeters and J.N.B. are mother and daughter, Teeters does not have to explicitly admit that her daughter was under eighteen when the crime was committed in her presence or hearing. Teeters' admission that her daughter, J.N.B., was present carries with it the implicit admission that she was under eighteen.

Indiana's sentencing scheme violates the Sixth Amendment as interpreted in *Blakely*, such finding would have no effect on Teeters' sentence.

■ Teeters also argues that the trial court failed to find mitigating circumstances. The mitigating circumstances found by the trial court were: the abuse of Teeters by Hall and Hall's wishes that Teeters not be incarcerated. Teeters asserts that the trial court should have found the following mitigators: (1) that the crime was the result of circumstances unlikely to recur; (2) that the victim induced the offense; (3) that there were grounds tending to justify or excuse the crime; and (4) that incarceration would cause an undue hardship to Teeters' dependents. Although a sentencing court must consider all evidence of mitigating circumstances offered by the defendant, the finding of a mitigating factor rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind.2002). A failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, but the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant nor to explain why it has chosen not to find mitigating circumstances. *Id.*

Examining the mitigators leads us to the conclusion that the court did not abuse its discretion. First, a close look at Teeters' criminal history belies the assertion that the crime was the result of circumstances unlikely to recur. At least two of Teeters' prior convictions were battery offenses. Second, the court did consider both the extent to which Hall induced the offense and grounds justifying or excusing the offense—that is, domestic violence—based on the court's finding of the two mitigators of the abuse of Teeters by Hall and Hall's wishes. Finally, as to the undue hardship

mitigator, jail is always a hardship on dependents and Teeters fails to explain how the eight-year sentence is more of a hardship on her children than would be the presumptive four-year sentence or the minimum two-year sentence. *See Abel v. State*, 773 N.E.2d 276, 280 (Ind.2002). We note that Teeters' mother has had full custody of one of Teeters' children, J.N.B., since March 2002, eleven months before the incident occurred. Additionally, Teeters, though she had been ordered to pay child support to her mother, was unwilling or unable to do so. These facts bolster our conclusion that the hardship imposed on Teeters' three children was not undue. We do not find that the trial court abused its discretion in its finding of mitigating circumstances.

■ Teeters finally argues that her sentence is inappropriate. A sentence authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State*, 782 N.E.2d 398, 416 (Ind.Ct. App.2003), *trans. denied.* The presumptive sentence was four years, and four years were added due to aggravating circumstances as detailed above. *See* Ind. Code § 35–50–2–6. Here, the trial court pointed out that the harshness of Teeters' sentence was due to her past conduct, including multiple convictions. In light of Teeters' lengthy criminal record and the fact that she committed this crime within earshot of her minor daughter, we cannot say that the eight-year sentence was inappropriate.

Affirmed.

SULLIVAN, J., and MAY, J., concur.