Kelli Jo TRUSLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 41A01–0403–CR–109.

Court of Appeals of Indiana.

Nov. 24, 2004.

Kimberly S. Robinson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Kelli Jo Trusley entered a plea of guilty to reckless homicide, a Class C felony.[1] The trial court sentenced her to eight years, with two years suspended. Trusley appeals her sentence, contending the enhancement of her sentence violated her Sixth Amendment right to have a jury determine the facts on which the enhancement was based.[2]

We remand.

## FACTS AND PROCEDURAL HISTORY

On February 27, 2001, Trusley operated a day care center in Greenwood, Indiana.

---

1. Ind.Code § 35–42–1–5.

2. Because we remand for resentencing, we do not address Trusley's alternative arguments that the trial court considered improper aggravating circumstances and failed to consider mitigating circumstances, and that her sentence is unreasonable in light of her character and the nature of her offense.

Ten-month-old Brian Small[3] was in her care that day. Trusley told police that sometime around noon she put Small down for a nap on the lower bunk of her son's bunk bed. The lower bunk was approximately eighteen inches from the floor and the top bunk was five feet from the floor.

Trusley claimed she checked Small at 1:30 p.m. and he was still sleeping. Sometime later, Trusley again checked on Small and found him wrapped in a blanket on the floor by the bunk bed. He was not breathing or moving. Trusley called 911 and began administering CPR. Small died from his injuries.

A grand jury indicted Trusley for neglect of a dependent, a Class B felony.[4] That charge was amended to reckless homicide as a Class C felony and Trusley entered a plea of guilty. Ind.Code § 35–50–2–6 provides in pertinent part "A person who commits a Class C felony shall be imprisoned for a fixed term of four (4) years, with not more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances."

At the sentencing hearing the trial court found the following aggravating circumstances: 1) the young age of the victim; 2) Trusley's position of trust with the victim and his family; 3) Trusley's need for correctional or rehabilitative treatment by a penal facility; 4) imposition of a sentence less than the enhanced sentence would depreciate the seriousness of the crime; and 5) the nature and circumstances of the crime. It found as mitigating circum-

stances: 1) Trusley had little criminal history; 2) prolonged incarceration would result in hardship to Trusley's dependents; and 3) the crime was the result of circumstances unlikely to reoccur. Finding the aggravators outweighed the mitigators, the court sentenced Trusley to the maximum sentence of eight years and suspended two years.

## DISCUSSION AND DECISION

Prior to the United States Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* we reviewed our trial courts' sentencing decisions for an abuse of discretion.[5] *See, e.g., Bocko v. State,* 769 N.E.2d 658, 667 (Ind.Ct.App. 2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind.2002). If a trial court used aggravating or mitigating circumstances to modify the presumptive sentence, all we required the trial court to do was: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *See id.*

■ The *Blakely* Court applied the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which stated "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

---

3. Both appellate counsel refer to the victim as "Brian Smalls." The grand jury indictment refers to him as "Brian Small" (App. at 12) as does the State's information for reckless homicide (*id.* at 15) and the statement for the victim's funeral expenses (State's ex. 1). The victim's mother identified herself in her testimony as "Angel Small." (Tr. at 49.) We will refer to the victim as Brian Small.

4. Ind.Code § 35–46–1–4.

5. Trusley's brief was submitted in May of 2004, before *Blakely* was decided. She moved to amend her brief so she could address *Blakely,* and we granted her motion.

be submitted to a jury and proved beyond a reasonable doubt." Based on that holding, the *Blakely* Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive sentence assigned by the legislature.[6]  124 S.Ct. at 2536.

■ The trial court did not find as an aggravating factor that Trusley had prior convictions; to the contrary, it noted as a mitigating factor she had little criminal history.  Therefore, Trusley's sentence was enhanced based on aggravators other than the fact of a prior conviction and those aggravating circumstances were not "submitted to a jury and proved beyond a reasonable doubt" as required by *Blakely*. 124 S.Ct. at 2536.[7]

The State argues any *Blakely* error was harmless, as Trusley admitted to the facts that would support one of the aggravating circumstances the court found—i.e., that she was in a position of trust with respect to the victim and his family.  The State correctly notes the "statutory maximum" sentence is that which may be imposed solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.[8]  The State asserts, without explanation or citation to authority, that Trusley's admission at the guilty plea hearing that she was the victim's day care provider[9] and her admission at the sentencing hearing that she provided daycare services[10] amounts to an admission to the facts supporting the finding as an aggravating factor that Trusley was in a position of trust with respect to the victim and his family.

6. In *Blakely*, the Court explained the "statutory maximum" penalty "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 124 S.Ct. at 2537.  "When a judge inflicts punishment that the jury's verdict standing alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' ... and the judge exceeds his proper authority." *Id.* In this sense the Indiana presumptive sentence amounts to *Blakely*'s statutory maximum. *See Holden v. State*, 815 N.E.2d 1049, 1059 n. 6 (Ind.Ct.App.2004).

7. Trusley was sentenced some five months before *Blakely* was decided.  Still, the State asserts Trusley waived her *Blakely* challenge because she did not raise a Sixth Amendment objection at the time she was sentenced.  It also argues the Blakely decision does not implicate the Indiana sentencing scheme.  We recently considered and rejected both arguments in *Strong v. State*, 817 N.E.2d 256 (Ind.Ct.App.2004).

8. The *Blakely* court so characterized *Apprendi:* "The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based *solely on the facts reflected in the jury verdict or admitted by the defendant.*"

*Blakely*, 124 S.Ct. at 2537 (emphasis in original).  The *Blakely* statement was apparently premised on the following language in *Apprendi*, 530 U.S. at 488, 120 S.Ct. 2348, where the *Apprendi* court addressed an earlier noted case where the defendant was properly sentenced to a term higher than that attached to the offense alleged in the indictment:

> Because [defendant] had *admitted* the three earlier convictions for aggravated felonies—all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own—no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court.

(Emphasis in original.)

9. This statement was made in the context of establishment of a factual basis for Trusley's guilty plea to the underlying offense and does not appear to be an attempt to elicit an admission she was in a "position of trust."

10. The State appears to be referring to Trusley's response to the question "How long did you run your daycare business?"  Her response was "Approximately five years." (Sentencing Tr. at 22.)  We decline to hold that question and answer serve as Trusley's admission to a "position of trust."

We decline to hold that a defendant's admission she is a day care provider, without more, necessarily substitutes for a jury's determination she was in a position of trust with respect to the victim to such an extent that sentence enhancement is warranted.

## CONCLUSION

Trusley's sentence was enhanced because of aggravating factors other than criminal history, which aggravating factors were not found by a jury or admitted by Trusley. We accordingly remand [11] for resentencing.

SULLIVAN, J., concurs.

VAIDIK, J., dissents with separate opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent with the majority's conclusion that Trusley's admissions at her guilty plea and sentencing hearings do not constitute an admission to facts underlying the aggravating circumstance that she was in a position of trust with the ten-month-old victim. Consequently, I would affirm Trusley's enhanced sentence.

In *Blakely v. Washington*, the United States Supreme Court applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which provides: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, —— U.S. ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348). "A fact that is admitted by the defendant does not run afoul of the *Blakely/Apprendi* constitutional requirements." *Teeters v. State*, 817 N.E.2d 275, 279 (Ind. Ct.App.2004); *see also Blakely*, 124 S.Ct. at 2537. Thus, if a defendant admits to facts underlying an aggravator, the jury does not have to determine beyond a reasonable doubt whether that aggravator exists.

Being in a "position of trust" with the victim is a valid aggravating circumstance, *see Bacher v. State*, 722 N.E.2d 799, 802 n. 5 (Ind.2000), and the trial court found that this aggravator was present here. At her guilty plea hearing, Trusley admitted that on February 27, 2001, the victim was in her care; that she acted recklessly while the victim was in her care; and that such

**11.** Trusley asserts she cannot be resentenced by a jury; therefore, on remand the trial court may sentence her to no more than the presumptive term. She notes Ind.Code § 35–38–1–3 provides "Before sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing," and further notes the legislature has provided for a jury hearing in certain habitual offender proceedings, *see* Ind.Code § 35–50–2–8(g) and 35–50–2–10(e). From this she reasons "The language of these statutes is clear—an Indiana trial court can only convene a jury for sentencing purposes in capital cases and habitual phases in non-capital cases." (Appellant's Reply Br. at 8.)

Trusley directs us to no statute or case law that explicitly states a trial court may not convene a jury for sentencing proceedings that do not involve habitual offenders. We decline to hold that the legislature's reference to jury hearings in habitual offender proceedings must necessarily be read to prohibit jury involvement in any other sentencing proceeding. We must interpret a statute in a way that renders it constitutional. *Dep't of Revenue of State of Ind. v. There To Care, Inc.*, 638 N.E.2d 871, 873 (Ind.Ct.App.1994), *trans. denied.* When a statute can be construed to support its constitutionality, that construction must be adopted. *Id.* Trusley's interpretation of Ind.Code § 35–38–1–3 as prohibiting jury involvement in the factfinding process for determining the existence of aggravating circumstances would almost certainly render Ind.Code § 35–38–1–3 unconstitutional as violative of the *Blakely* standard. We therefore decline to adopt that interpretation.

recklessness resulted in the victim's death. Trusley also admitted that she was "a daycare provider for him and [she] had custody of him during the period of time in which he died[.]" Plea Tr. p. 10. During her sentencing hearing, Trusley testified that she was a daycare provider and that at the time of the victim's death, she had been running her daycare business for approximately five years.

I believe these admissions are sufficient to establish that Trusley was in a position of trust with the victim. Because Trusley admitted that she was the victim's daycare provider and that she had custody of him at the time of his death, it is hard to imagine what other information would be necessary in order to establish that Trusley was in a position of trust with the victim. Because Trusley admitted to facts underlying the position of trust aggravator, a jury did not have to find that this aggravator existed. Because a single aggravating circumstance is adequate to justify a sentence enhancement, *see Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002), *reh'g denied,* I would affirm Trusley's enhanced sentence.