Kenna RYLE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0405–CR–423.

Court of Appeals of Indiana.

Dec. 14, 2004.

Ellen M. O'Connor, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

In March 2003, the State charged Kenna Ryle with Murder. A jury found him guilty of the lesser-included offense of Voluntary Manslaughter, a Class A felony. The trial court entered judgment of conviction and sentenced him to an enhanced term of forty-five years. Ryle now appeals and presents the following issue for review: whether the trial court improperly imposed an enhanced sentence under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied.*

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 25, 2003, Ryle shot Maurice Sanders at the Phoenix Apartments in Indianapolis. That same day, Ryle called Audrea Harris on her cell phone and told her that he had shot Sanders in the chest and that he was sorry. Sanders died as a result of a gunshot wound to his chest.

The State charged Ryle with murder, unlawful possession of a firearm by a serious violent felon, and carrying a handgun without a license. The State dismissed the two handgun-related charges and tried Ryle only on the murder charge. The jury found him not guilty of murder, but guilty of voluntary manslaughter.

At sentencing, the trial court assigned "minimal" mitigating weight to Ryle's age, twenty-two. Transcript at 252. The court identified two aggravating factors: Ryle's criminal history and the fact that he was on probation at the time he committed the instant offense. The trial court ultimately imposed an enhanced sentence of forty-five years. This appeal ensued.

## DISCUSSION AND DECISION

Ryle contends that under *Blakely,* his sentence violates his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury. In *Holden v. State*, 815 N.E.2d 1049, 1059 (Ind.Ct.App.2004), *trans. pending*, this court explained *Blakely* as follows:

In *Blakely,* the United States Supreme Court applied the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which stated, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Relying upon this principle, the Court held that the sentencing scheme at issue in *Blakely* violated the petitioner's Sixth Amendment right to a trial by jury. —— U.S. ——, 124 S.Ct. at 2543, 159 L.Ed.2d 403. The crux of the decision in *Blakely* appears to turn upon what constitutes the "statutory maximum" sentence. The Court noted that precedent made clear that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Id.* at 2537 [124 S.Ct. 2531] (emphasis in original). The Court then clarified the "statutory maximum" by stating that it "is not the maximum sentence a judge may impose

after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict standing alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' . . . and the judge exceeds his proper authority." *Id.*

(Footnote omitted). In addition, we concluded from the discussion in *Blakely* that the "statutory maximum" sentence of that case equates with the presumptive sentence called for by the applicable Indiana statutes. *Id.* n. 6.[1]

In this case, the trial court imposed an enhanced sentence of forty-five years and identified the following aggravators: Ryle's criminal history, which included two adult criminal convictions and four juvenile adjudications, and the fact that he was on probation at the time he committed the instant offense.[2] The trial court identified a single mitigator, namely, Ryle's age, but the court gave that factor "minimal" weight. Transcript at 252.

 As we have noted, the fact of a prior conviction is an exception to *Blakely*. And this court has held that where an enhanced sentence is based upon a defendant's prior criminal history and aggravators derived from that history, the *Blakely* analysis is not implicated. *See Bledsoe v. State,* 815 N.E.2d 507, 508 (Ind.Ct.App. 2004); *Carson v. State,* 813 N.E.2d 1187, 1189 (Ind.Ct.App.2004). But Ryle maintains that (1) the fact that he was on probation when he committed the instant offense is not derivative of his criminal

history; and (2) his juvenile adjudications are not "prior convictions" under the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Accordingly, Ryle maintains that both his probation status and his juvenile adjudications are facts the jury had to find beyond a reasonable doubt under *Blakely*. We disagree.

First, in an opinion on rehearing in *Bledsoe v. State,* 815 N.E.2d 507, 508 (Ind. Ct.App.2004), this court concluded that the fact that the defendant was on probation at the time he committed the instant offense is derivative of the defendant's criminal history. *But see Teeters v. State,* 817 N.E.2d 275, 279–80 (Ind.Ct.App. 2004) (suggesting aggravating circumstances that defendant was on probation at the time of the offense is "problematic" under *Blakely,* but not deciding whether aggravator was improper where another valid, aggravating circumstance justified enhanced sentence). Thus, following *Bledsoe,* the fact that Ryle was on probation at the time he committed the instant offense does not implicate *Blakely*.

 But even if the fact of Ryle's probationary status were not derivative of his criminal history and required determination by the jury, *Blakely* would not be triggered in this case. Ryle's presentence investigation report shows that he was on probation on the date he committed the instant offense. At the sentencing hearing, Ryle was asked but had no additions or corrections to make to the presentence

---

1. We reject the State's arguments that (1) Ryle has waived his *Blakely* challenge, and (2) *Blakely* does not implicate Indiana's sentencing scheme, for the reasons set forth in *Strong v. State,* 817 N.E.2d 256, 2004 WL 2481190 (Ind.Ct.App. November 5, 2004).

2. Contrary to Ryle's contention, the trial court did not identify the victim's mother's testimony as aggravating. Nor did the court find as aggravating that Ryle's actions resulted in death. The court's discussion of those matters amounts to commentary on the seriousness of Ryle's crime, but neither were identified as aggravators.

investigation report. Also, the trial court inquired about the status of Ryle's probation for his prior drug-related convictions. Ryle told the court that his probation had been revoked, and the court had ordered him to serve fifteen years executed. The court then explained to Ryle that because his probation had been revoked in those cases, the court was required to order that his voluntary manslaughter sentence be served consecutive to the executed term ordered in the probation matter. Ryle responded that he understood. Ryle's statements during the sentencing hearing, and his failure to object to the information contained in the presentence report, amount to an admission that he was on probation at the time he committed the instant offense. Thus, the trial court's reliance on Ryle's probationary status to enhance his sentence does not implicate *Blakely. See Blakely,* ___ U.S. at ___, 124 S.Ct. at 2537 (stating "the relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict *or admitted by the defendant*.") (emphasis added).

Regarding Ryle's juvenile adjudications, another panel of this court recently determined that the trial court's reliance on the defendant's "significant and consistent adult and juvenile criminal history" as an aggravating factor did not trigger a *Blakely* analysis. *Holden,* 815 N.E.2d at 1059. In addition, other jurisdictions have concluded that juvenile adjudications may be properly characterized as "prior convictions" under *Apprendi. See United States v. Jones,* 332 F.3d 688 (3d Cir.2003), *cert. denied,* 540 U.S. 1150, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004); *United States v. Smalley,* 294 F.3d 1030 (8th Cir.2002), *cert. denied,* 537 U.S. 1114, 123 S.Ct. 870, 154 L.Ed.2d 790 (2003); *State v. Hitt,* 273 Kan. 224, 42 P.3d 732 (2002), *cert. denied,* 537

U.S. 1104, 123 S.Ct. 962, 154 L.Ed.2d 772 (2003).

■ Specifically, the Court in *Apprendi* held in part that any fact *other than prior conviction* that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. 530 U.S. at 475, 120 S.Ct. 2348 (emphasis added). Since *Apprendi,* courts have split regarding whether juvenile adjudications qualify as "prior convictions" for purposes of the *Apprendi* exception. Ryle directs us to the Ninth Circuit Court of Appeals' decision in *United States v. Tighe,* 266 F.3d 1187, 1194 (9th Cir.2001), which held that juvenile adjudications that do not afford the right to a jury trial and require a beyond-a-reasonable doubt burden of proof do not fit within *Apprendi's* exception for prior convictions. But at least three jurisdictions have disagreed with the holding in *Tighe. See Jones,* 332 F.3d at 698 (rejecting defendant's contention that *Apprendi* requires holding that prior non-jury juvenile adjudications that afforded all required due process safeguards cannot be used to enhance sentence under Armed Career Criminal Act); *Smalley,* 294 F.3d at 1033 (concluding juvenile adjudications can be characterized as "prior convictions" for *Apprendi* purposes and, thus, district court did not err when it enhanced defendant's sentence based on prior juvenile convictions); *Hitt,* 42 P.3d at 736 (holding *Apprendi* exception for prior convictions encompasses juvenile adjudications). After reviewing the decisions in all of the cases that have addressed the issue, we agree with the analyses in *Jones, Smalley,* and *Hitt.* Specifically, we find persuasive the following analysis of the Kansas Supreme Court in *Hitt:*

> *Apprendi* created an exception allowing the use of a prior conviction to increase a defendant's sentence, based on

the historical role of recidivism in the sentencing decision and on the procedural safeguards attached to a prior conviction. Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications.

42 P.3d at 740. We now join those courts which disagree with the holding of the Ninth Circuit in *Tighe* and conclude that juvenile adjudications are "prior convictions" under *Apprendi*. Thus, the trial court in this case did not violate Ryle's constitutional rights when it identified Ryle's criminal history as an aggravating factor and included in that criminal history Ryle's four juvenile adjudications.

In sum, the two aggravators identified by the trial court, namely, Ryle's criminal history, which includes juvenile adjudications, and the fact that he was on probation at the time he committed the instant offense are both proper under *Blakely*. We therefore hold that Ryle's enhanced sentence of forty-five years does not violate his Sixth Amendment rights.[3]

Affirmed.

BARNES, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur but write separately with respect to the matter of Ryle's probation status *vis-à-vis Blakely v. Washington*.

I agree, as determined by the majority, that Ryle effectively admitted that he was on probation at the time he committed the voluntary manslaughter for which he was here convicted. Were it not for this admission, I could not agree that, upon the authority of *Bledsoe v. State*, 815 N.E.2d 507 (Ind.Ct.App.2004), *trans. pending*, the fact of being on probation does not implicate *Blakely*. As suggested in *Teeters v. State*, 817 N.E.2d 275 (Ind.Ct.App.2004), *trans.pending*, the fact of a defendant being on probation might well be a matter outside the confines of the documents setting forth the defendant's prior criminal record. If so, and if the probation status has not been admitted by defendant, the fact of probation would seem to be a matter of fact necessary for the jury to determine.

---

**3.** In the final section of his argument, Ryle asserts that the trial court erred when it balanced the aggravating and mitigating factors and cites, in part, to Indiana Appellate Rule 7(B). But his argument that his sentence is inappropriate presupposes that the fact that he was on probation when he committed the instant offense and his juvenile adjudications are improper aggravators under *Blakely*. Because we have concluded that those aggravators do not trigger the *Blakely* analysis, Ryle's challenge to the appropriateness of his sentence also fails.