**Sean STRONG, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0401–CR–25.**

Court of Appeals of Indiana.

Jan. 12, 2005.

Transfer Denied March 31, 2005.

Ellen M. O'Connor, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAILEY, Judge.

We issued our opinion in this appeal on November 5, 2004. On December 6, 2004, the State filed a Petition for Rehearing arguing that we had erroneously held that Strong "did not waive his *Blakely* claim." Appellee's Pet. Reh'g at 1. We grant the State's petition for rehearing for the limited purpose of clarifying this issue, and we affirm our original opinion.

In our opinion, we addressed, in relevant part, the State's argument that Strong had waived any sentencing error with respect to *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* because he failed to object at the sentencing hearing pursuant to *Apprendi v. New Jersey,* 530 U.S.

466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Strong v. State,* 817 N.E.2d 256, 258–59 (Ind.Ct.App.2004). In *Blakely,* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt, or admitted by the defendant." *Blakely,* —— U.S. at ——, 124 S.Ct. at 2536 (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348). In *Strong,* however, we noted that, while *Blakely* relied upon *Apprendi* for the preceding proposition, it redefined the "statutory maximum" for purposes of *Apprendi*—from the prescribed statutory maximum that a defendant could receive *if* the preponderance of certain aggravating and mitigating circumstances, as found by the trial court, weighed in favor of the higher term to the maximum sentence that a trial judge may impose without any additional findings, i.e., the presumptive or standard sentence. *Strong,* 817 N.E.2d at 260. Accordingly, we held that a defendant, such as Strong, who challenges his enhanced sentence, which was imposed prior to the United States Supreme Courts decision in *Blakely,* but fails to do so on grounds of *Apprendi* has not waived his argument pursuant to

*Blakely. See Strong,* 817 N.E.2d at 259–61. We reaffirm this holding today.

 We caution, however, that this holding should not be interpreted to imply that a defendant might never waive his or her *Blakely* argument. Rather, there are circumstances wherein a defendant may waive his or her *Blakely* contention. For example, as noted by the *Blakely* court, guilty plea defendants may waive their *Apprendi* rights by either stipulating to the relevant facts supporting the sentence enhancements or consenting to judicial factfinding. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2541.

 Additionally, a defendant may "waive" the right to raise an issue at a particular juncture through procedural default.[1] *See Bledsoe v. State,* 815 N.E.2d 507, 507 (Ind.Ct.App.2004) (holding, on petition for rehearing, that a defendant had "technically waived" any argument that his sentence violated the Sixth Amendment right to have the facts supporting the enhancement of his sentence determined by a jury, pursuant to *Blakely,* because he raised such issue for the first time on rehearing when he should have raised it during the direct appeal, i.e., the appropriate procedural "juncture"), *trans. denied;*[2]

---

**1.** In *Bunch v. State,* 778 N.E.2d 1285, 1287 (Ind.2002), our supreme court recognized that the term "waiver" has been applied to several different concepts and, further, distinguished "between waiver as an affirmative defense and a discretionary judicial doctrine that forecloses an issue on appeal." Specifically, the *Bunch* court clarified that, because waiver as an affirmative defense is governed by Indiana Trial Rule 8(C)—which requires parties to plead waiver as an affirmative defense and, as a consequence, places the burden of proof at trial on the party asserting such affirmative defense—it is only applicable in circumstances where the party asserting waiver has argued such defense before the lower court. *Id.* Indeed, a party that fails to argue waiver, is not entitled to prevail on the

issue of waiver as an affirmative defense. *Id.* By contrast, the latter form of waiver, which is more appropriately described as "procedural default" or "forfeiture," is a doctrine of judicial administration whereby appellate courts may *sua sponte* find an issue foreclosed under a variety of circumstances in which a party has failed to take the necessary steps to preserve the issue. *Id.* (citations omitted).

**2.** Despite the defendant's procedural default, the *Bledsoe* court examined the merits of his *Blakely* claim and, still, affirmed his enhanced sentence as a result of his prior criminal history, i.e., an enhancement that does not implicate *Blakely*. *Bledsoe,* 815 N.E.2d at 508.

see also *Carson v. State*, 813 N.E.2d 1187, 1188–89 (Ind.Ct.App.2004) ("Given that Carson did not challenge his sentence on direct appeal, he has technically waived review of this issue, and the appropriate procedure would have been to challenge his sentence through post-conviction relief. See Ind. Post–Conviction Rule 1[(1)](a)(1)."), *rehg denied.*

For the foregoing reasons, we grant the State's Petition for Rehearing for the sole purpose of clarifying the waiver issue. In all other respects, we affirm the *Strong* opinion.

SHARPNACK, J., and MAY, J., concur.