BURTON FLORENCE, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 49A05-0602-CR-101
Court of Appeals of Indiana.
December 22, 2006
ROBERT D. KING, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, MONIKA PREKOPA TALBOT, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MAY, Judge.
Burton Florence challenges the appropriateness of his sixty-year sentence for two counts of child molesting. We affirm.

FACTS AND PROCEDURAL HISTORY
Florence and A.D. were dating and had two children together. Thirty-two-year-old Florence had sexual intercourse with A.D.'s twelve-year-old daughter A.S. approximately 25 times between January and August of 2005. He never used a condom during the encounters. A.D. learned of the relationship on August 31, 2005, when she discovered them together and A.S. admitted she and Florence had just had sex. When A.S. was examined at the hospital, she was six to seven weeks pregnant. A.S. had an abortion and DNA testing confirmed Florence was the father.
Florence was charged with eight counts of child molesting as Class A felonies.[1] After being informed of the DNA test results, he agreed to plead guilty to two counts in exchange for the dismissal of the other pending counts. The plea agreement provided:
Open argument with a cap of 40 years on the executed portion of the sentence. The court may impose additional suspended time beyond this sentence and place the Defendant on probation. Should the Defendant violate the terms of probation, the Court may order that the entire suspended sentence be executed at the Department of Correction.
(App. at 49.) Florence consented to judicial fact-finding for sentencing purposes.
The trial court assigned minimal weight to the mitigating factors Florence offered: his guilty plea, his acceptance of responsibility, his employment, and the hardship on his dependents.
Florence's criminal history included felony convictions of battery and forgery, and five probation revocations. The trial court gave that history significant weight as an aggravator. The trial court found Florence's relationship with A.S.'s mother an aggravating factor "[b]ecause it creates for the child, not only the shame of being molested, but the shame of betraying your mother, or the conflict created by that." (Tr. at 57.) The trial court also found "that [Florence] impregnated [A.S.]," (id.), to be "a highly significant aggravator, which is afforded the most weight possible." (Id.) The trial court determined the aggravators "significantly outweigh the mitigators in this case." (Id. at 58.)
For each count, the court imposed a sentence of thirty years, with twenty years executed and ten years suspended. The court "attach[ed] the weight of the aggravators," (id.), to how the sentences were to be served and ordered the sentences to be served consecutively.

DISCUSSION AND DECISION
In general, sentencing determinations are within the trial court's discretion. Bonds v. State, 729 N.E.2d 1002, 1004 (Ind. 2000), reh'g denied. We will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). We exercise great restraint in reviewing and revising sentences and recognize the special expertise of the trial bench in making sentencing decisions. Pinkston v. State, 836 N.E.2d 453, 458 (Ind. Ct. App. 2005), trans. denied. The presumptive or advisory sentence is the "starting point the Legislature has selected as an appropriate sentence for the crime committed." Childress v. State, 848 N.E.2d 1073, 1081 (Ind. 2006). A single aggravating factor is sufficient to support the imposition of consecutive sentences. Hayden v. State, 830 N.E.2d 923, 930 (Ind. Ct. App. 2005), trans. denied 841 N.E.2d 184 (Ind. 2005).
Florence pled guilty to two counts of child molesting. Count I charged him with an act occurring "between January 1, 2005 and August 1, 2005" (App. at 23), and Count VII referred to an act occurring on August 31, 2005. The legislature amended the sentencing statutes, effective April 25, 2005, replacing presumptive sentences with advisory sentences. We consider Count I under the prior presumptive sentencing scheme and Count VII under the amended advisory sentencing scheme.[2]
Although Florence challenges his sentence as inappropriate under App. R. 7(B), the two paragraphs of his argument focus not on the "nature of the offense and the character of the offender" but rather on alleged trial court error in failing to consider or properly credit purported mitigating factors. (See Br. of Appellant at 5-6.) The trial court is not required to list aggravating or mitigating factors when, as here, it imposes the statutory presumptive/advisory sentence.[3]Childress, 848 N.E.2d at 1080. However, when the trial court imposes consecutive sentences that are not required by statute, it must explain its reasons for selecting the sentence it imposes. Id. at 1080-81. Accordingly, we examine the record to determine whether the trial court adequately explained its reasoning for ordering consecutive sentences, and whether the sentences are appropriate in light of Florence's character and the nature of his offense.
Florence argues he "deserved more credit than he received from the Trial Court for sparing the alleged victim, [A.S.], a trial" by pleading guilty. (Br. of Appellant at 5.) The significance of a guilty plea as a mitigating factor will vary from case to case. Francis v. State, 817 N.E.2d 235, 238 n.3 (Ind. 2004). See Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."), trans. denied. Florence pled guilty only after the DNA results confirmed he impregnated A.S. Although this saved the State "some time," (Tr. at 54), the trial court did not give significant weight to the plea, in part because the DNA test results were "pretty outcome determinative" and "pretty overwhelming evidence." (Id. at 55.) Florence also benefited substantially from the dismissal of six Class A felony charges in exchange for his plea of guilty to two Class A felonies. The trial court did not err in according Florence's plea minimal weight.
Florence also asserts the trial court "seemingly ignored," (Br. of Appellant at 6), the evidence he had been working during the period of his offenses and the undue hardship incarceration would impose on his dependents, including A.S.'s mother and their two children. The trial court noted Florence was working and it considered his employment while addressing whether imprisonment would cause hardship on his dependents.
Many persons convicted of serious crimes have children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship. Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999). The trial court noted the minimum sentence Florence could receive was ten years "which sort of makes the undue hardship on the mother minimal." (Tr. at 55.) See Teeters v. State, 817 N.E.2d 275, 280 (Ind. Ct. App. 2004) (defendant failed to explain how enhanced sentence would be more of a hardship than presumptive or minimum sentence), trans. denied 822 N.E.2d 984 (Ind. 2004). The trial court also assigned minimal weight to the hardship because:
I don't see how you can, by engaging in conduct of molesting the big sister of these two children later use them as sort of a shield, if you will, and claim I shouldn't have to go to jail for a long time because now I can't work and support these other children.
(Tr. at 56.) The court adequately explained why hardship on Florence's dependents was not entitled to mitigating weight.
The trial court did not err in assigning minimal weight to these mitigating circumstances. Nor did it err in balancing the aggravators and mitigators. There was no abuse of discretion.
In considering Florence's character, we note Florence has had "nearly constant contact with the [criminal justice] system" since he was fifteen. (Id.) (See also App. at 59-66 (pre-sentencing report).) His criminal history includes juvenile adjudications, felony convictions of battery and forgery, and five probation revocations. The trial court noted "the forgery was committed while [Florence] was on release for the battery" and indicated Florence's poor "attitude" about "complying, conforming [his] behavior to the rules of society." (Tr. at 56.) At the time of the offenses, Florence was living with A.S.'s mother and had two children with her. It does not speak well of Florence's character that he repeatedly had sex with his children's older half-sister while he was living in their house and while he was supposed to be caring for her.
Looking at the nature of the offense, we note the following. Thirty-two-year-old Florence had sexual intercourse with twelve-year-old A.S. approximately 25 times over an eight-month period. While A.S.'s mother was at work, Florence and A.S. had sex in A.S.'s bed, in her mother's bed, on the couch in the living room, and "in the dog pen of the backyard of [A.S.'s] grandfather's house." (Id. at 22.)[4] Florence chose not to use a condom during these encounters and A.S. became pregnant. Both the nature of the offense and Florence's character support the imposition of consecutive sentences.
The trial court did not abuse its discretion in sentencing Florence to consecutive, presumptive terms. Nor is his sentence inappropriate in light of his character and offense. We affirm.
Affirmed.
RILEY, J., concurs.
BAILEY, J., concurs in result.
NOTES
[1] Ind. Code § 35-42-4-3.
[2] Prior to amendment, the presumptive sentence for a Class A felony was thirty years. Ind. Code § 35-50-2-4 (2004). The advisory sentence for a Class A felony is also thirty years. Ind. Code § 35-50-2-4 (2005). The trial court imposed a thirty-year sentence for each count without finding aggravators or mitigators and, consequently, our analysis focuses on whether the trial court properly imposed consecutive sentences.

However, we note Count I charged Florence with an act "between January 1, 2005 and August 1, 2005," (App. at 23), that is, an act that could have occurred before or after the sentencing statutes were amended on April 25, 2005. Neither the plea agreement nor the factual basis specified the date of the offense to which Florence pled guilty in Count I. The trial court noted "that due to the dates that the offenses were alleged to have been committed, count one would fall, arguably, since it's a very long time period, under the requirements of Blakely v. Washington." (Tr. at 32.) The trial court then noted Florence had waived his rights under Blakely and consented to judicial fact-finding for sentencing purposes.
Under the facts of this case, we conclude the result of our analysis would be the same whether Florence was sentenced under the prior presumptive or amended advisory sentencing scheme. Because the 2005 amendments to the sentencing scheme may not be applied retroactively, see Weaver v. State, 845 N.E.2d 1066, 1072 (Ind. Ct. App. 2006), we address Count I under the prior presumptive scheme.
[3] The trial court found the aggravators significantly outweighed the mitigators. Instead of enhancing Florence's sentence above the presumptive/advisory sentences, however, the trial court "attach[ed] the weight of the aggravators," (Tr. at 58), to whether the sentences should be served consecutively. We conclude the trial court imposed presumptive/advisory sentences without finding aggravators or mitigators, and found aggravators and mitigators only to explain its decision to impose consecutive terms.

We note consideration of certain factors was mandatory under the prior sentencing scheme. See Ind. Code § 35-38-1-7.1(a) (2004). However, "[w]hen a standard [i.e., presumptive] sentence has been imposed, we presume that the trial court considered [these mandatory factors:] `the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.'" Jones v. State, 698 N.E.2d 289, 290 (Ind. 1998). Under the current sentencing scheme, "a court may impose any sentence that is: (1) authorized by statute; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind. Code § 35-38-1-7.1(d) (2005).
[4] A.D. learned of the relationship after the encounter in the dog pen.