ATTORNEY FOR APPELLANT
Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilander
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0505-CR-207

KENNA D. RYLE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G03-0303-MR-035666
The Honorable Sheila Carlisle, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0405-CR-423

**December 13, 2005**

**Shepard, Chief Justice.**

When the trial court ordered an enhanced sentence for appellant Kenna D. Ryle's manslaughter conviction, it cited his four juvenile adjudications and the fact that he was on probation when he committed the crime. Our analysis of Apprendi v. New Jersey leads us to conclude that these factors are proper sentencing considerations for a trial judge and need not be submitted to a jury.

1

**Facts and Procedural History**

Kenna Ryle shot and killed Maurice Sanders at an apartment complex in Indianapolis on February 25, 2003. The State charged Ryle with murder, unlawful possession of a firearm by a serious violent felon, and carrying a handgun without a license. The State dismissed the two firearm offenses, and the jury found Ryle guilty of the lesser-included offense of voluntary manslaughter, a class A felony. IND. CODE ANN. § 35-42-1-3 (West 2004).

In sentencing Ryle, the trial court allotted minimal mitigating weight to the fact that he was only twenty-two years old. It found two aggravating circumstances: Ryle's criminal history and the fact that he was on probation at the time he killed Sanders. Ryle's criminal history included four juvenile adjudications -- two offenses that would have been burglary had Ryle been an adult, one of battery, and one of carrying a handgun without a license. His history also revealed two adult convictions -- one for possession of cocaine and a firearm, a class C felony, and one for conspiracy to commit dealing in cocaine, a class A felony. On April 23, 2004, the court sentenced Ryle to forty-five years executed time, fifteen years over the presumptive term. IND. CODE ANN. § 35-50-2-4 (West 2004).

The Court of Appeals affirmed Ryle's enhanced sentence, rejecting his argument that the trial court improperly considered the four juvenile adjudications and his probation status. Ryle v. State, 819 N.E.2d 119, 123 (Ind. Ct. App. 2004) vacated. We granted transfer to address the questions related to Blakely v. Washington[1] and Apprendi v. New Jersey.[2]

**I. Juvenile Adjudications**

---

[1] 542 U.S. 296 (2004).
[2] 530 U.S. 466 (2000).

Since nearly the beginning of our present criminal code, Indiana courts have recognized that criminal behavior reflected in delinquent adjudications can serve as the basis for enhancing an adult criminal sentence. See, e.g., Simms v. State, 421 N.E.2d 698, 703-04 (Ind. Ct. App. 1981). We have emphasized that it is the criminal behavior reflected in earlier proceedings rather than the adjudications that is the proper proof of a prior history of criminal behavior. Jordan v. State, 512 N.E.2d 407, 410 (Ind. 1987). Ryle challenges the trial court's use of four prior juvenile adjudications to support the sentencing enhancement, arguing that juvenile adjudications are not prior convictions for Apprendi purposes. He says that whether these adjudications exist or not should be decided by a jury.

The federal circuits are divided over whether juvenile adjudications are an exception to the Apprendi requirement that all facts used to enhance a sentence over the statutory maximum must be found by a jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490. The Third, Eighth, and Eleventh Circuits have held that they are. United States v. Burge, 407 F.3d 1183, 1187-91 (11th Cir. 2005)(defendant received all constitutional protections due in his prior juvenile adjudication), cert. denied, 126 S.Ct. 551 (2005); United States v. Jones, 332 F.3d 688, 694-96 (3d Cir. 2003)(prior non-jury juvenile adjudication with all constitutionally-required procedural safeguards is a prior conviction for Apprendi purposes), cert. denied, 540 U.S. 1150 (2004); United States v. Smalley, 294 F.3d 1030, 1031-33 (8th Cir. 2003)(district court justified in considering juvenile adjudications at sentencing), cert. denied, 537 U.S. 1114 (2003). The Ninth Circuit held contra, concluding that juvenile adjudications are not the equivalent of prior convictions. United States v. Tighe, 266 F.3d 1187, 1191-95 (9th Cir. 2001)(district court violated Apprendi in counting Tighe's previous juvenile adjudication as a predicate offense under Armed Career Criminal Act). Our analysis of Apprendi leads us to conclude that the Third, Eighth, and Eleventh Circuits are right.

The Apprendi Court explained the reason for a prior conviction exception by saying that,

> there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

3

<u>Apprendi</u>, 530 U.S. at 496. Juvenile adjudications were not specifically addressed in <u>Apprendi</u>, and unfortunately they "lie in between these two poles," because they do not provide a jury trial right but do require proof beyond a reasonable doubt. <u>Smalley</u>, 294 F.3d at 1032.

Indiana's juvenile code guarantees respondents the right to notice, the right to a speedy trial, the right to confront and cross-examine witnesses, the right to compulsory process to obtain witnesses and evidence, the right to counsel, the right against self-incrimination, and the right to require the State to prove all allegations beyond a reasonable doubt. IND. CODE ANN. § 31-37-12-5 (West 2004). As in most other states, Indiana juvenile proceedings do not afford trial by jury, but of course the U.S. Supreme Court has rejected the claim that the Fourteenth and Sixth Amendments mandate jury trials in juvenile matters, holding that the special ideal of the juvenile courts produces fair, equitable, and reliable results. <u>McKeiver v. Pennsylvania</u>, 403 U.S. 528, 547 (1976).[3]

While <u>Apprendi</u> does specifically mention the right to a jury trial, the Court has made it "crystal clear" that the decisions that it relied on in making prior convictions a sentencing exception "turned heavily" on the fact that the additional sentences were based on recidivism, which may well be the most common basis for sentencing enhancements. <u>Apprendi</u>, 530 U.S. at 488.

The <u>Apprendi</u> Court explained the holding of <u>Almendarez-Torres v. United States</u>[4] that prior convictions need not be charged in an indictment, by saying that "the certainty that procedural safeguards attached to any 'fact' of prior conviction" mitigates Sixth Amendment

---

[3] Some studies suggest that judges are more likely than juries to favor police testimony and that juries' give-and-take format and diverse backgrounds enhance reliability. <u>Constitutional Law -- Right to Jury Trial -- Eighth Circuit Holds an Adjudication of Juvenile Delinquency to Be a "Prior Conviction" for the Purpose of Sentence Enhancement at a Subsequent Criminal Proceeding. -- United States v. Smalley, 294 F.3D 1030 (8th Cir. 2002)</u>, 116 HARV. L. REV. 705, 709 (2002). To be sure, the juvenile court and adult court have their shortcomings, but we think the modern work of juvenile judges and court staff warrants the optimism Justice Blackman expressed in <u>McKeiver</u>.

[4] 523 U.S. 224, 226-27 (1998). Justice Thomas observed that a majority of the Court had declared itself in favor of overruling <u>Almendarez-Torres.</u> <u>Shepard v. U.S.</u>, 544 U.S. __, 125 S.Ct. 1254, 1264 (2005) (Thomas, J., concurring). We take such a declaration to be a matter for the court in Washington D.C. and not for us. <u>Roper v. Simmons</u>, 543 U.S. 551, __, 125 S.Ct. 1183, 1209 (2005) (O'Connor, J., dissenting).

concerns.  Id.    The main concern was whether the prior conviction's procedural safeguards ensured a reliable result, not that there had to be a right to a jury trial.  Like that of most states, Indiana's code regards juvenile adjudications as reliable enough to form the basis for confinement of a juvenile delinquent or for ordering a wardship.  IND. CODE ANN. § 31-37-19-6 (West 2004).  Similarly, a misdemeanor conviction is a conviction nonetheless despite the fact that there is no Sixth Amendment jury trial right for misdemeanor offenses carrying a maximum prison term of six months or less.  Lewis v. United States, 518 U.S. 322, 325-26 (1996).

Other than treating juvenile adjudications as exceptions, we perceive two other options. One would be to retry juvenile cases anew in front of juries.  As a practical matter, requiring a jury to decide whether a defendant was a juvenile delinquent beyond a reasonable doubt by hearing stale evidence no more ensures reliability than allowing the trial judge to make a decision based upon a properly admitted record of conviction.  The other would be to conduct jury trials in which the jury would be asked to decide whether the earlier court found the juvenile guilty or not guilty.  A decision to require the jury to determine the "fact" of prior juvenile adjudications would result in an untold number of defendants clogging the trial courts on remand, granted they properly preserved a sentencing claim on appeal.  Smylie v. State, 823 N.E.2d 679, 688-89 (Ind. 2005).

## II.  Committing a Crime While on Probation

The trial court enhanced Ryle's sentence partly on the basis that he was on probation when he committed the present offense, a fact reflected in the presentence investigation report. The question is whether this fact needs to be proven before a jury.

The Indiana Code requires that judges consider a presentence investigation report prepared by the court's probation officer when sentencing a defendant convicted of a felony. IND. CODE ANN. § 35-38-1-8 (West 2004).  The code requires that this report contain information on the present crime, the impact of the crime on the victim (including statements submitted by the victim), the convicted person's criminal history, social history, employment history, family

situation, economic status, education, and personal habits, and any other matters the court requires. IND. CODE ANN. §§ 35-38-1-8, 9(b)-(c) (West 2004). The court provides the completed report to the defendant and the defendant's lawyer, who have the opportunity to contest its accuracy. IND. CODE ANN. § 35-38-1-12 (West 2004).[5]

Recognizing the important role presentence investigation reports play in criminal sentencing, the General Assembly has obliged the Board of Directors of the Judicial Conference of Indiana to adopt minimum standards for presentence investigation reports. IND. CODE ANN. § 11-13-1-8(b)(4) (West 2004 & Supp. 2004).[6] Pursuant to this mandate, the board of the Judicial Conference adopted a standard presentence investigation report that included all of the information specified in section 35-38-1-9(b)-(c); it also required all probation officers to adhere strictly to this format. INDIANA JUDICIAL CENTER, STANDARD INDIANA PRESENTENCE INVESTIGATION REPORT 1-2 (1993). The board provided specific and thorough instructions to probation officers for acquiring and reporting the required information. Id. at 9-19.

Probation in Indiana is a court function, and probation officers are trained, tested, hired, and supervised directly by the judiciary. Before probation officers serve, they must pass a test covering juvenile law, criminal sentencing (including presentence reports), and general probation matters. They must then attend a training program conducted by the Judicial Conference during their first year of employment, and complete twelve hours of continuing education during each

---

[5] Recent Court of Appeals opinions have held that a judge can enhance a defendant's sentence without a jury determination of probationary status because probation is derivative of criminal history and/or a defendant admitted to being on probation by not objecting to the presentence investigation report. Alexander v. State, 837 N.E.2d 552, 556-57 (Ind. Ct. App. 2005); Devries v. State, 833 N.E.2d 511, 515 (Ind. Ct. App. 2005) trans. denied; Abney v. State, 822 N.E.2d 260, 268 (Ind. Ct. App. 2005) trans. denied; Ryle v. State, 819 N.E.2d 119, 122-23 (Ind. Ct. App. 2004) vacated; Bledsoe v. State, 815 N.E.2d 507, 508 (Ind. Ct. App. 2004), trans. denied. To the extent that these decisions advance this reasoning, they are disapproved.

Probation stands on its own as an aggravator. While a criminal history aggravates a subsequent crime because of recidivism, probation further aggravates a subsequent crime because the defendant was still serving a court-imposed sentence.

Moreover, using a defendant's failure to object to a presentence report to establish an admission to the accuracy of the report implicates the defendant's Fifth Amendment right against self-incrimination. This also explains why Ryle did not admit to the juvenile adjudications.

[6] The Judicial Conference of Indiana, consisting of the state's judicial officers, acts as administrator for probationers. It also promotes the improved operation of Indiana's judicial system, continuing education of judges, and a better public understanding of the judiciary. IND. CODE ANN. § 33-38-9-6 (West 2004).

subsequent year. INDIANA JUDICIAL CENTER, INDIANA PROBATION STANDARDS 10-11 (2001). When they recite a defendant's criminal history and probation status in a presentence investigation report, probation officers must follow the instructions provided by the Judicial Conference of Indiana, which direct officers to accurately list sources of information. STANDARD INDIANA PRESENTENCE INVESTIGATION REPORT at 9-11.

These requirements governing probation officers and their presentation of information to the sentencing court ensure the reliability of their work product. Thus, probation officers can properly contribute to the character and outcome of prior convictions by researching the judicial documents sanctioned in Shepard v. United States, 544 U.S. __, 125 S.Ct. 1254, 1259-60 (2005).

Shepard pled guilty to possession of a firearm by a felon. The Armed Career Criminal Act mandates a minimum fifteen-year sentence for those possessing a firearm after three prior convictions for serious violent felonies. 18 U.S.C. § 924(e) (2000 ed. & Supp. II). According to the Act, burglary is a violent felony only if committed in a building or enclosed space. To prove that Shepard's prior state convictions for burglary were committed in a building or enclosed space (thus violent felonies qualifying Shepard for the mandatory minimum) the Government submitted police reports and complaint applications that represented the predicates of the burglary prosecution against Shepard in the courts of Massachusetts. Shepard, 544 U.S. at__, 125 S.Ct. at 1258.

The Court had earlier held that such determinations could be made only by reference to the statutory definition of the earlier offense, or to the "charging paper and jury instructions." Taylor v. United States, 495 U.S. 575, 602 (1990). The Court considered the Government's argument as an attempt to go "beyond conclusive records made or used in adjudicating guilt and look[] to documents submitted to lower courts even prior to charges." Shepard, 544 U.S. at __, 125 S.Ct. at 1260. It held that a sentencing court could not consider these documents to establish facts that support sentencing enhancements. Id. at __, 1257. It noted the earlier concern in Taylor was a "demand for certainty." Id. at __, 1260. However, it reaffirmed its holding in Taylor that when a later court determines the character of a prior conviction, it can examine the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and

7

any explicit factual finding by the trial judge to which the defendant assented," or "some comparable judicial record of this information." Id. at __, 1257, 1263.

Police reports and complaint applications run afoul of Apprendi, said the Court, because "[w]hile the disputed fact [in the report] can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to . . . Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Id. at __, 1262.

But such disputed documents were not used here. The trial court's finding that Ryle was on probation at the time of the present offense rested on prior judicial records as reflected in the presentence investigation report prepared by the probation officer. (Appellant's App. at 136-38.)

The probation officer compiled information on Ryle's criminal history and probation status for the presentence investigation report in this case by referring to case files from the courts in which Ryle was convicted. (Appellant's App. at 136.) The report indicated that Ryle was convicted of possession of cocaine and a firearm, and conspiracy to commit dealing cocaine in 2000. (Appellant's App. at 137.) Ryle was to serve two years of probation after his release from prison for these convictions. (Id.) According to the Department of Correction documents, his release date was January 20, 2003, just five weeks before the present offense. (State's Sentencing Ex. 1.) A probation violation notice was filed in the 2000 case. (Appellant's App. at 138.) The presentence investigation report relies on "judicial record[s]" that guarantee the conclusive significance that is the focus of Apprendi. Shepard, 544 U.S. at __, 125 S.Ct. at 1263.

**Conclusion**

We affirm Ryle's sentence.

**Dickson, Sullivan, Boehm, and Rucker, JJ., concur.**