JAMES E. ROWLEY, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 29A02-0511-PC-1106
Court of Appeals of Indiana.
December 19, 2006.
PAUL J. PACIOR, Noblesville, Indiana, ATTORNEY FOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, ARTHUR THADDEUS PERRY, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
VAIDIK, Judge.

Case Summary
James Rowley appeals the trial court's denial of his motion to correct erroneous sentence. Because Rowley alleged sentencing errors that require consideration of matters beyond the face of the sentencing judgment, a motion to correct erroneous sentence was not the appropriate procedural mechanism, and the trial court properly denied the motion. Nonetheless, because Rowley is likely to raise the same issues in the future using a different procedure, we reach the issues raised on appeal and affirm Rowley's sentence.

Facts and Procedural History
Sometime in January or February of 1999, S.H. and G.C. ran away from home. S.H. was thirteen years old, and G.C. was fourteen years old. The boys went to Rowley's apartment and drank alcohol that Rowley, then thirty-four years old, had purchased. During the course of the evening, S.H. and G.C. became intoxicated and ended up on Rowley's bed. At some point, Rowley began touching S.H. Rowley fondled S.H.'s buttocks and penis and began masturbating S.H. before S.H. stood up and left the room. Rowley also rubbed G.C.'s buttocks, inserted his finger into G.C.'s anus, fondled G.C.'s penis, and began masturbating G.C. before G.C. told him to stop. Rowley became upset and threatened to kill the boys if they were to leave the apartment or tell anybody what occurred. S.H. and G.C. were not able to leave Rowley's apartment until the next day when Rowley himself left. In order to leave, the boys had to pry open either a door or a window. S.H. reported these events to police, and Detective Marc Cruea of the Noblesville Police Department went to Rowley's apartment to talk to him. Rowley admitted his actions to Detective Cruea.
The State charged Rowley with: Count I, Child Molesting as a Class A felony, for inserting a finger or object into S.H.'s anus;[1] Count II, Child Molesting as a Class C felony, for fondling S.H.'s penis;[2] Count III, Sexual Misconduct with a Minor as a Class B felony, for inserting a finger or object into G.C.'s anus;[3] Count IV, Sexual Misconduct with a Minor as a Class C felony, for fondling G.C.'s penis;[4] and Count V, Confinement as a Class D felony.[5] Pursuant to a plea agreement, Rowley pled guilty to Counts II-V, the State dismissed Count I, and the parties agreed to leave sentencing to the discretion of the trial court.
At the sentencing hearing held on November 2, 2000, the trial court identified four aggravating circumstances: (1) Rowley has violated conditions of probation numerous times; (2) Rowley has a history of criminal and delinquent activity; (3) there is a risk that Rowley will commit crimes in the future; and (4) Rowley violated his position of trust with two minors.[6] As the sole mitigating circumstance, the trial court identified the fact that Rowley "is remorseful for what he's done in his life and that he does not wish to go ahead and continue." Id. at 58. Finding that the aggravating circumstances outweighed the mitigating circumstances, the trial court sentenced Rowley to the maximum sentence of eight years on Count II, child molesting as a Class C felony, the maximum sentence of twenty years on Count III, sexual misconduct with a minor as a Class B felony, the maximum sentence of eight years on Count IV, sexual misconduct with a minor as a Class C felony, and the maximum sentence of three years on Count V, confinement as a Class D felony, with all the sentences to be served consecutively, for a total executed sentence of thirty-nine years.
Rowley did not directly appeal his sentence, but on October 29, 2001, he filed a petition for post-conviction relief. The parties agreed that Rowley's sentence on Count III should run concurrently with his sentence on Count IV, and the post-conviction court entered an order reducing Rowley's total sentence from thirty-nine years to thirty-one years. Then, in 2005, Rowley filed a motion to correct erroneous sentence, arguing, in part, that his sentence violates his rights under the Sixth Amendment pursuant to Blakely v. Washington, 542 U.S. 296 (2004). The trial court denied this motion, and Rowley now appeals.

Discussion and Decision
On appeal, Rowley challenges the aggravating circumstances relied upon by the trial court to impose consecutive, enhanced sentences. Specifically, he argues that some of the aggravators violate Blakely and that some of the aggravators are simply invalid. Before reaching the merits of Rowley's claims, we must first address the procedural history that led us to this point.
Notably, Rowley is appealing from the denial of a motion to correct erroneous sentence. Such motions derive from Indiana Code § 35-38-1-15, which provides:
If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.
The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." Robinson v. State, 805 N.E.2d 783, 785 (Ind. 2004) (quoting Gaddie v. State, 566 N.E.2d 535, 537 (Ind. 1991)). As such, a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Id. at 787. Claims that require consideration of proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. Id.
Here, Rowley challenges the validity of aggravating circumstances found by the trial court. Resolution of these issues requires us to consider matters outside the face of the sentencing judgment. Therefore, the motion to correct erroneous sentence was not the appropriate vessel for Rowley to use, and the trial court properly denied the motion.
Additionally, even if Rowley had followed an appropriate procedure in challenging his sentence, such as a belated appeal or a successive petition for post-conviction relief, it is not at all certain that he would have been entitled to review under Blakely, which was decided in June 2004, nearly four years after Rowley was sentenced in this cause. Compare Gutermuth v. State, 848 N.E.2d 716 (Ind. Ct. App. 2006), trans. granted, with Hull v. State, 839 N.E.2d 1250, 1256 (Ind. Ct. App. 2005), Robbins v. State, 839 N.E.2d 1196, 1199 (Ind. Ct. App. 2005), and Baysinger v. State, 854 N.E.2d 1211, 1217 (Ind. Ct. App. 2006) (Vaidik, J., concurring in result), trans. pending. Nonetheless, for purposes of judicial economy, we will address the merits of Rowley's claims. We address each aggravating circumstance in turn. In doing so, we note that even if some of the aggravating circumstances identified by the trial court are invalid, we will affirm the defendant's sentence if we can say with confidence that the trial court would have imposed the same sentence based on the proper aggravators alone. See McCann v. State, 749 N.E.2d 1116, 1121 (Ind. 2001).

I. Probation Violations
Rowley argues that his history of probation violations is not a valid aggravating circumstance. First, Rowley directs us to Indiana Code § 35-38-1-7.1(b)(1) (2004),[7] which provides that the trial court may consider as an aggravating circumstance that "[t]he person has recently violated the conditions of any probation . . . granted to the person." (Emphasis added). Rowley argues that his probation violations should not carry aggravating weight because none of them are "recent." However, Indiana Code § 35-38-1-7.1(d) provides that "The criteria listed in subsections (b) and (c) [of Indiana Code § 35-38-1-7.1] do not limit the matters that the court may consider in determining the sentence." In light of this language, we agree with the State that the trial court can assign aggravating weight to a history of probation violations even if those violations are not recent.
Rowley also asserts that his history of probation violations is an improper aggravator under Blakely. In Blakely, the United States Supreme Court reiterated the following rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). The Indiana Supreme Court has explained that "[u]nder Blakely, a trial court in a determinate sentencing system such as Indiana's may enhance a sentence based only on those facts that are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived Apprendi rights and stipulated to certain facts or consented to judicial factfinding." Trusley v. State, 829 N.E.2d 923, 925 (Ind. 2005). Rowley argues that his history of probation violations is an invalid aggravator under Blakely because it was not established in any of those four ways. He is incorrect.
Here, the trial court learned of Rowley's history of probation violations through the presentence investigation report prepared by a probation officer. The Indiana Supreme Court has held that the fact that a defendant was on probation when he committed the offense in question need not be proven before a jury, i.e., is exempt from Blakely, when that fact appears in the presentence investigation report. Ryle v. State, 842 N.E.2d 320, 325 (Ind. 2005), cert. denied, 127 S. Ct. 90 (2006). This was so because "[t]he trial court's finding that [the defendant] was on probation at the time of the present offense rested on prior judicial records as reflected in the presentence investigation report prepared by the probation officer." Id. The same reasoning applies to a history of probation violations.
As in Ryle, the probation officer here "compiled information on [Rowley's] criminal history and probation status for the presentence investigation report . . . by referring to case files from the courts in which [Rowley] was convicted." See id. Rowley's presentence investigation report reveals that he has violated probation at least three times in the past. See Appellant's App. p. 32-33. The presentence investigation report relies on judicial records that guarantee the conclusive significance that is the focus of Blakely/Apprendi. See Ryle, 842 N.E.2d at 325. Under Ryle, a history of probation violations listed in a presentence investigation report need not be proven to a jury in order to be relied upon as an aggravating circumstance. In addition, Rowley acknowledges in his brief that he "ha[s] a history of being on probation and in fact violated the terms [of] probation in his past." Appellant's Br. p. 5. Therefore, the trial court's reliance upon Rowley's history of probation violations as an aggravating circumstance does not violate Blakely.

II. Prior Convictions
Rowley next contends that the trial court assigned too much weight to his prior convictions as an aggravating circumstance. Sentencing lies within the discretion of the trial court, and we review a trial court's assessment of the proper weight of aggravating circumstances only for an abuse of that discretion. Patterson v. State, 846 N.E.2d 723, 727 (Ind. Ct. App. 2006).
Rowley stresses that his prior convictions are largely unrelated to his current offenses and that the most serious of those convictions are fairly remote in time. This is true. Nonetheless, we still find his list of prior convictions to be sufficiently serious to constitute a significant aggravating circumstance. It appears that Rowley's first brush with the law was in 1978, when he was committed to the Indiana Boys' School for a juvenile adjudication for burglary. Rowley's adult felony convictions include: resisting law enforcement as a Class D felony in 1987; robbery as a Class C felony in 1989; vehicle theft as a Class D felony and escape/failure to return as a Class D felony in 1991; and intimidation as a Class D felony in 1993. In addition, Rowley had eighteen misdemeanor convictions between 1982 and 1999, including four counts of operating while intoxicated, six counts of resisting law enforcement, four counts of public intoxication, contributing to the delinquency of a minor, disorderly conduct, check deception, and battery of a law enforcement officer. The trial court did not abuse its discretion in assigning significant aggravating weight to this lengthy record.

III. Risk of Future Crimes
Rowley also argues that the trial court erred in considering the risk that he will re-offend as an aggravating circumstance separate from the prior convictions aggravator. We agree. The Indiana Supreme Court has held that absent a jury determination or an admission by the defendant, a judicial conclusion that a defendant is likely to re-offend cannot serve as an aggravating circumstance separate from the defendant's prior convictions. Williams v. State, 838 N.E.2d 1019, 1021 (Ind. 2005). Rather, such a statement is more properly characterized as a legitimate observation about the weight to be given to the prior convictions aggravator. Id. Therefore, while the trial court erred in treating Rowley's likelihood to re-offend as a separate aggravating circumstance, the trial court's finding is a legitimate observation on the aggravating weight to be assigned to Rowley's prior convictions.

IV. Violation of Position of Trust
Finally, Rowley urges that the trial court's finding that he violated a position of trust in committing the instant offenses violates his Sixth Amendment rights pursuant to Blakely. This is not true, as Rowley admitted to the facts supporting this aggravator. At the sentencing hearing, Rowley testified that S.H. and G.C. had been to his apartment "a few times" before the night of the events in question, that "as I caught on to this, I realized that something was wrong, either their parents were not taking care of them or something was going on," that he had "let them stay off and on at times," and that S.H., in particular, had been a frequent visitor. Trial Ct. Tr. p. 35-36. With this testimony, Rowley acknowledged that the boys had been to his apartment multiple times, that he suspected that they came to him because they were having problems at their regular homes, and that he allowed them to stay overnight. This testimony is sufficient to establish that Rowley was in a position of trust with the boys, and his admitted conduct surely constitutes a violation of that trust. See Trusley, 829 N.E.2d at 27 (defendant admitted to facts supporting violation of position of trust aggravator). Facts admitted by the defendant do not run afoul of the constitutional requirements of Blakely. Teeters v. State, 817 N.E.2d 275, 279 (Ind. Ct. App. 2004), trans. denied.

Conclusion
The trial court properly denied Rowley's motion to correct erroneous sentence, as that motion asked the court to consider matters beyond the face of the sentencing judgment. Nonetheless, in the interests of judicial economy, we have reached the issues raised on appeal. Three of the four aggravating circumstances found by the trial court are valid. In addition, the fourth aggravator, Rowley's likelihood to re-offend, while not a valid separate aggravator, is a legitimate observation on the aggravating weight to be assigned to one of the others. Therefore, we can say with confidence that the trial court would have imposed the same sentence had it considered only the three valid aggravators, and we affirm Rowley's sentence.
Affirmed.
BAKER, J., and CRONE, J., concur.
NOTES
[1] Ind. Code § 35-42-4-3(a)(1).
[2] Id. at (b).
[3] Ind. Code § 35-42-4-9(a)(1).
[4] Id. at (b)(1).
[5] Ind. Code § 35-42-3-3.
[6] Rowley asserts that the trial court found a fifth aggravating circumstance, specifically, that Rowley needs protection from himself and society needs protection from Rowley. The transcript reveals that the trial court did not treat this as an additional aggravating circumstance. Instead, the court was simply commenting on what sentence was appropriate in light of the aggravating circumstances it did find. See Trial Ct. Tr. p. 58 ("[F]rom the standpoint of protection of the Defendant himself and protection of society, the aggravating circumstances . . . do outweigh the mitigating circumstances.").
[7] Indiana Code § 35-38-1-7.1 was substantially amended in 2005, but we cite from the version that was in effect at the time of Rowley's offenses in 1999.