O’Donnell, J.,
dissenting.
{¶ 40} Respectfully, I dissent.
{¶ 41} A statute authorizing the use of a prior juvenile delinquency adjudication to enhance an adult sentence from a nonmandatory to a mandatory term does not violate due process or run afoul of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The prior juvenile adjudication of Adrian Hand as delinquent for having committed an offense that if committed by *106 an adult would have been aggravated robbery is res judicata as to procedure and substance, and therefore the trial court properly relied on it to impose a mandatory prison term pursuant to R.C. 2929.13(F) for his adult aggravated burglary, aggravated robbery, and felonious assault convictions.
{¶ 42} The General Assembly has denoted in R.C. 2929.13(F)(6):
Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and * * * shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
* * ⅜
(6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses.
{¶ 43} Because juvenile offenders are not convicted of offenses by juvenile courts but rather are adjudicated as delinquent, some confusion exists as to whether a juvenile adjudication should be used to enhance an adult criminal sentence imposed by a sentencing judge. That confusion however, is addressed by the legislature in R.C. 2901.08(A), which provides:
If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.
(Emphasis added.)
{¶ 44} The plain language of this statute is unambiguous in my view and resolves any question that a prior juvenile delinquency adjudication is a prior *107 conviction for purposes of imposing a mandatory prison term under R.C. 2929.13(F)(6).
{¶ 45} In Apprendi, the United States Supreme Court held that “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (Emphasis added.) 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.
{¶ 46} A majority of federal and state court decisions agree and have held that a juvenile delinquency adjudication can be used to enhance a sentence under 18 U.S.C. 924(e), the Armed Career Criminal Act (“ACCA”), even though there is no right to a jury trial in juvenile proceedings. See United States v. Jones, 332 F.3d 688, 696 (3d Cir.2003) (“A prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for Apprendi purposes”); United States v. Wright, 594 F.3d 259, 264 (4th Cir.2010) (“As the ACCA expressly provides for qualifying juvenile adjudications to be used as predicate offenses and the Constitution in no way forbids it, the district court was correct not to discount the fact that Wright burgled firearms on three separate occasions during his delinquent youth. The fact that juries are not constitutionally required in juvenile adjudications does nothing to impeach this fact”); United States v. Crowell, 493 F.3d 744, 750 (6th Cir.2007) (“We now explicitly hold that the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process”); Welch v. United States, 604 F.3d 408, 429 (7th Cir.2010) (“We agree with other circuits that the protections juvenile defendants receive—notice, counsel, confrontation and proof beyond a reasonable doubt—ensure that the proceedings are reliable. Therefore, because juvenile adjudications are reliable, they are not subject to the Apprendi rule”); United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir.2002) (‘We therefore conclude that juvenile adjudications can rightly be characterized as ‘prior convictions’ for Apprendi purposes”); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.2005), quoting Jones, 332 F.3d at 696 (“Accordingly, ‘[a] prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for Apprendi purposes’ ”).
{¶ 47} In Crowell, the Sixth Circuit held that “the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process.” 493 F.3d at 750. The court noted that Congress has the power “ ‘to treat prior convictions as sentencing factors subject to a lesser standard of proof because the defendant received all process that was due when convicted—for adults that includes the right to a jury trial; for juveniles it does not.’ ” Id., quoting Jones, 332 F.3d at 695. Thus, the court concluded that
*108 [j]uvenile adjudications, where the defendant has the right to notice, the right to counsel, the privilege against self-incrimination, the right to confront and cross-examine witnesses, and the right to a finding of guilt beyond a reasonable doubt, provide sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of Apprendi

Id.

{¶ 48} And the majority in today’s decision is at odds with decisions on this issue from state supreme courts in Kansas, Indiana, Minnesota, Washington, and California. State v. Hitt, 273 Kan. 224, 236, 42 P.3d 732 (2002) (“Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the Apprendi exception for prior convictions encompasses juvenile adjudications. Juvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant’s criminal history score under the Kansas Sentencing Guidelines Act”); Ryle v. State, 842 N.E.2d 320, 321-322 (Ind.2005) (“The fedéral circuits are divided over whether juvenile adjudications are an exception to the Apprendi requirement that all facts used to enhance a sentence over the statutory maximum must be found by a jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 [147 L.Ed.2d 435]. The Third, Eighth, and Eleventh Circuits have held that they are. * * * Our analysis of Apprendi leads us to conclude that the Third, Eighth, and Eleventh Circuits are right”); State v. McFee, 721 N.W.2d 607, 619 (Minn.2006) (“We hold that, in calculating a defendant’s criminal history score, a defendant does not have a Sixth Amendment right to a jury determination of the fact of a prior juvenile adjudication”); State v. Weber, 159 Wash.2d 252, 149 P.3d 646, ¶ 21 (2006) (“we hold that juvenile adjudications are convictions for the purposes of Apprendi’s prior conviction exception. Therefore, we affirm the court of appeals’ determination that Weber’s due process and jury trial rights are not violated by including Weber’s juvenile adjudication in his offender score”); People v. Nguyen, 46 Cal.4th 1007, 1019, 95 Cal.Rptr.3d 615, 209 P.3d 946 (2009) (“we agree with the majority view that the Fifth, Sixth, and Fourteenth Amendments, as construed in Apprendi, do not preclude the sentence-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial”).
{¶ 49} No right to a jury trial exists in juvenile proceedings under the United States or Ohio Constitutions. McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); In re Agler, 19 Ohio St.2d 70, 249 N.E.2d 808 *109 (1969), paragraph two of the syllabus. However, as this court stated in State v. Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 26,
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellee.
numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings. [In re Anderson, 92 Ohio St.3d 63] 66, 748 N.E.2d 67 [2001], citing In re Gault, 387 U.S. 1, 31-57, 87 S.Ct. 1428, 18 L.Ed.2d 527 [1967] (holding that various Fifth and Sixth Amendment protections apply to juvenile proceedings), and In re Winship (1970), 397 U.S. 358, 365-368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (holding that the state must prove juvenile delinquency beyond a reasonable doubt); see, also, Breed [v. Jones ], 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 [1975] (holding that a delinquency proceeding places a juvenile in jeopardy for purposes of the Double Jeopardy Clause); In re Melvin J. (2000), 81 Cal.App.4th 742, 759-760, 96 Cal.Rptr.2d 917 (relying on Gault, Winship, and Breed to hold that ex post facto principles apply to juvenile proceedings).
{¶ 50} Accordingly, imposing a mandatory sentence under R.C. 2929.13(F) based on a prior nonjury juvenile adjudication does not violate due process or run afoul of Apprendi, and therefore, the trial court did not violate Hand’s right to due process by imposing a mandatory term based on his prior delinquency adjudication for an offense that would have been aggravated robbery if he had been convicted of it as an adult.
{¶ 51} Hand acknowledges that Ohio law and case authority from the Sixth Circuit Court of Appeals do not support his position that using a juvenile adjudication as a prior conviction for purposes of enhancing an adult sentence from a nonmandatory to a mandatory term violates due process and Apprendi and urges that he is arguing for a change in existing law. That change, however, involves a policy consideration involving Ohio law and is not appropriate for judicial decree, but rather should emanate, if at all, from the policy making branch of government, the General Assembly in the state of Ohio.
{¶ 52} Accordingly, I respectfully dissent from the decision of the majority in this case, and I would affirm the judgment of the court of appeals.
Kennedy and French, JJ., concur in the foregoing opinion.
*110 Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant Public Defender, for appellant.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Peter T. Reed, Deputy Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.