## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James Harper
Deputy Public Defender
Harper & Harper, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon Hill,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 30, 2019

Court of Appeals Case No.
18A-CR-2613

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause Nos.
46D01-1804-F5-400
46D01-1805-F5-536

**Najam, Judge.**

# Statement of the Case

Brandon Hill appeals his sentence following his convictions for two counts of Robbery, as Level 5 felonies, and one count of resisting law enforcement, as a Class A misdemeanor. Hill presents two issues for our review:

> 1. Whether the trial court abused its discretion when it sentenced him.
>
> 2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On March 19, 2018, Hill, who was unarmed, entered a Metro PCS store in Michigan City and ordered a store employee to give him all of the money from the cash register. The employee handed over $1,216.76 to Hill. Then, on April 22, Hill ordered two employees at the same store to give him money from the cash register, and they handed over $682.94 to Hill. Shortly after the second robbery, police officers attempted to apprehend Hill, and he ran from the officers before they were ultimately able to arrest him.

In Cause No. 46D01-1805-F5-536 ("F5-536"), the State charged Hill with robbery, as a Level 5 felony, for the March 19 robbery. In Cause No. 46D01-1804-F5-400 ("F5-400"), the State charged Hill with robbery, as a Level 5 felony, and resisting law enforcement, as a Class A misdemeanor, for the

incident on April 22. On August 23, Hill pleaded guilty as charged in both cases.

[5] The trial court accepted his plea and sentenced Hill as follows: five years for robbery under F5-536; five years for robbery under F5-400; and one year for resisting law enforcement under F5-400. The court ordered that the sentences under F5-400 would run concurrently, and the sentences under F5-536 and F5-400 would run consecutively. However, the trial court then found that the offenses constituted an episode of criminal conduct under Indiana Code Section 35-50-1-2 (2018) and capped the aggregate sentence under both cause numbers at seven years executed.[1] This appeal ensued.

## Discussion and Decision

### *Issue One: Abuse of Discretion*

[6] Hill asserts that the trial court abused its discretion when it sentenced him because it relied on an invalid aggravating circumstance. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or

---

[1] We fail to understand how the trial court reached this conclusion. The F5-536 robbery occurred on March 19. The F5-400 robbery occurred more than one month later on April 22. The two offenses were patently not an episode of criminal conduct. *See* I.C. § 35-50-1-2(b) ("'[E]pisode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance."). Nonetheless, as the State invited the error by agreeing in the trial court with Hill's assertion that the two offenses were an episode of criminal conduct, *see* Tr. Vol. II at 42-43, we will not review this issue on appeal.

the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (2007)).

Here, at sentencing, the trial court identified three aggravators: Hill's criminal history; his classification as a high risk to reoffend per his Indiana Risk Assessment System ("IRAS") score; and the fact that he was on parole at the time that he committed the offenses. And the court identified a single mitigator, namely, Hill's guilty plea. The court found that the aggravators outweighed the mitigators and imposed the aggregate sentence of seven years.

Hill contends that the trial court erred when it found that his IRAS score was an aggravator. Hill is correct that "[e]vidence-based offender assessment scores are not to be considered aggravating or mitigating factors [and may not be used to] determine the gross length of a sentence." *Williams v. State*, 997 N.E.2d 1154,

1165 (Ind. Ct. App. 2013). Thus, the trial court erred when it identified that aggravator. But that is not the end of our inquiry.

[10] Where the trial court abuses its discretion in sentencing a defendant, we need not remand for resentencing if we can "say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Hill was only twenty-eight years old at the time he committed the offenses, and his criminal history includes two prior convictions in Illinois for aggravated battery. Hill served twelve years on the second aggravated battery conviction, and he was on parole following that sentence at the time he committed the instant offenses.

[11] We reject Hill's assertion that, ignoring the invalid aggravator, the remaining aggravators "are very similar" and do not support his sentence. Appellant's Br. at 6. Our Supreme Court has observed that "[p]robation stands on its own as an aggravator. While a criminal history aggravates a subsequent crime because of recidivism, probation further aggravates a subsequent crime because the defendant was still serving a court-imposed sentence." *Ryle v. State*, 842 N.E.2d 320, 323 n.5 (Ind. 2005). And this Court has stated that a defendant's commission of an offense while on probation is "a significant aggravator." *Barber v. State*, 863 N.E.2d 1199, 1208 (Ind. Ct. App. 2007), *trans. denied*. We can say with confidence that the trial court would have imposed the same sentence had it not considered the invalid aggravator.

### *Issue Two: Inappropriateness of Sentence*

[12]     Hill asserts that his seven-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. [*Anglemyer*, 868 N.E.2d at 494].

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[13]     Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather

whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[14] The maximum possible aggregate sentence that the trial court could have imposed here was thirteen years, and Hill's aggregate sentence is only seven years. We cannot say that Hill's sentence is inappropriate in light of the nature of the offenses and his character. With respect to the nature of the offenses, Hill used intimidation to steal money from three different Metro PCS employees on two occasions, and Hill attempted to evade officers when they tried to apprehend him. In addition, again, Hill was on parole following a twelve-year sentence for aggravated battery at the time of the offenses. With respect to Hill's character, while the record does not show a juvenile history in Indiana, Hill testified at his sentencing hearing that he had been "held, detained, [or] incarcerated [in Illinois] since [he] was 11 or 12 years old." Tr. at 20. And Hill's two prior aggravated battery convictions involved "battery on a Peace Officer" and "battery with a firearm," respectively. Appellant's App. Vol. 2 at 23. We cannot say that Hill's aggregate sentence of seven years is inappropriate in light of the nature of the offenses and his character.

[15] Affirmed.

Baker, J., and Robb, J., concur.